## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **MIDWEST-CBK, LLC,**<br><br>　　Plaintiff,<br><br>v.<br><br>**UNITED STATES,**<br><br>　　Defendant. | Before: Jennifer Choe-Groves, Judge<br><br>Consol. Court No. 17-00154 |

## **ORDER**

Before the Court is Plaintiff Midwest-CBK, LLC's Motion to Certify Order for Interlocutory Appeal.  Pl.'s Mot. Cert. Order Interlocutory Appeal ("Plaintiff's Motion" or "Pl.'s Mot."), ECF No. 72.  Plaintiff moves pursuant to 28 U.S.C. § 1292(d)(1) for the Court to certify for appeal two questions arising from the Court's prior opinion, Midwest-CBK, LLC v. United States, 46 CIT __, Slip Op. 22-51, 16 (May 20, 2022):

1. Whether a post-importation sale, consummated on "[Free on Board ("F.O.B.")], Buffalo, New York" terms, as defined by the New York Uniform Commercial Code ("UCC"), may serve as the basis of a "sale for exportation to the United States" for purposes of the transaction value statute, 19 U.S.C. § 1401a(b)? and
2. Whether, after U.S. Customs and Border Protection (["Customs"]) has received all factual information needed to render its appraisement determination, the agency has any discretion to extend liquidation of entries pursuant to 19 U.S.C. § 1504(b)?

Pl.'s Mot. at 1. Defendant United States opposes the motion. Def.'s Mem. Law Opp'n Pl.'s Mot. Certify Order Interlocutory Appeal ("Def.'s Mem."), ECF No. 76.

    28 U.S.C. § 1292(d)(1) creates a narrow exception to the general rule that federal appellate jurisdiction arises only from a final judgment of a trial court. See 28 U.S.C. § 1292(d)(1); Usinor Industeel, S.A. v. United States, 26 CIT 813, 813 215 F. Supp. 2d 1356, 1357 (2002). The statute provides that:

> When the chief judge of the Court of International Trade issues an order under the provisions of section 256(b) of this title [28 USCS § 256(b)], or when any judge of the Court of International Trade, in issuing any other interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order, if application is made to that Court within ten days after the entry of such order.

28 U.S.C. § 1292(d)(1).

    The Court may certify a question for interlocutory appeal when three criteria are met. The order sought to be appealed must "(1) involve a controlling question of law (2) with respect to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." United States v. UPS Customhouse Brokerage, Inc., 30 CIT 1612, 1618, 464 F. Supp. 2d 1364, 1371 (2006); 28 U.S.C.

§ 1292(d). Each element must be satisfied before the Court will certify a question for interlocutory appeal. See <u>United States v. Kingshead Corp.</u>, 13 CIT 961, 962 (1989).

### I.    Sales for Exportation to the United States

The first question submitted by Plaintiff is: "[w]hether a post-importation sale, consummated on 'F.O.B., Buffalo, New York' terms, as defined by the New York Uniform Commercial Code (UCC), may serve as the basis of a 'sale for exportation to the United States' for purposes of the transaction value statute, 19 U.S.C. § 1401a(b)?" Pl.'s Mot. at 1. Plaintiff contends that the "question of whether 'F.O.B. Buffalo, New York' sales as defined under the New York UCC can qualify as 'sales for exportation to the United States' under [19 U.S.C. § 1401a(b)]" satisfies the criteria for interlocutory appeal. Pl.'s Br. at 8. The Court disagrees.

The first element required for certification of a question for interlocutory appeal is that the question involves a "controlling question of law." 28 U.S.C. § 1292(d). Whether a sale under particular terms qualifies as a sale "for exportation to the United States" under 19 U.S.C. § 1401a(b) is not a pure question of law. Plaintiff presumes that the sales terms chosen by Plaintiff for its domestic sales are determinative of whether those sales were "for exportation to the United States." As the Court noted in its opinion, the determination of whether a

particular sale is "for exportation to the United States" is based on a fact-specific inquiry and case-by-case analysis. Midwest-CBK, LLC, 46 CIT at __, Slip Op. 22-51, 16 (May 20, 2022) (citing E.C. McAfee Co. v. United States, 842 F.2d 314, 319 (Fed. Cir. 1988)). Whether a sale is "for exportation to the United States" is not solely dependent on where title passes from the seller to the buyer or where goods are delivered, but on the reality of the transaction in its entirety. E.C. McAfee Co., 842 F.2d at 319. A "question of law" must be the crux of the issue on interlocutory appeal in such a way that the appellate court can "decide quickly and cleanly [the question] without having to study the record." UPS Customhouse Brokerage, Inc., 30 CIT at 1618, 464 F. Supp. 2d at 1371 (quoting Ahrenholz v. Bd. of Tr. of Univ. of Illinois, 219 F.3d 674, 677 (7th Cir. 2000)). Because the question presented is not purely a question of law and would require the appellate court to review the facts of the case, the first element of interlocutory appeal is not satisfied.

The second element required for certification of a question for interlocutory appeal is that there exists a "substantial ground for difference of opinion." 28 U.S.C. § 1292(d). Plaintiff contends that the Court's opinion broke with established precedent following Orbisphere Corporation v. United States ("Orbisphere"), 13 CIT 866, 726 F. Supp. 1344 (1989). Pl.'s Br. at 3, 8–9. As Plaintiff concedes, Orbisphere is not binding precedent. Id. at 3. This Court noted

in its opinion that the relevant analysis in Orbisphere relied on United States v. Massce & Company, 21 CCPA 54 (1933), which was decided under an outdated version of the valuation statute. Midwest-CBK, LLC, 46 CIT at __, Slip Op. 22-51 at 18–21. In doing so, the Orbisphere court failed to appreciate that the Trade Agreements Act of 1979, Pub. L. No. 96-39, § 201(a), 93 Stat. 144, 194–201 (1979), amended the valuation statute to eliminate references to foreign markets and the requirement that sales be international or occur abroad. Id. at 20–21. This statutory amendment has been recognized by the U.S. Court of Appeals for the Federal Circuit. See Generra Sportswear Co. v. United States, 905 F.2d 377, 381 (Fed. Cir. 1990); see also VWP of Am., Inc. v. United States ("VWP of America II"), 175 F.3d 1327, 1334–35 (Fed. Cir. 1999) (recognizing the difference between "export value" and "transaction value" and that the Trade Agreement Act of 1979 effectively repealed the prior valuation statute).

Plaintiff cites four cases in support of its position that Orbisphere has been accepted as good law: VWP of America v. United States ("VWP of America I"), 21 CIT 1109, 980 F. Supp. 1280 (1997), La Perla Fashions v. United States, 22 CIT 393, 9 F. Supp. 2d 698 (1998), Synergy Sports International v. United States, 17 CIT 18 (1993), and Deringer v. United States, 1994 Ct. Intl. Trade LEXIS 74 (Mar. 23, 1994). Pl.'s Br. at 3. None of these cases suggest a difference of opinion with the Court's ruling.

In VWP of America I and La Perla Fashions, the plaintiffs cited to Orbisphere and Massce in arguing that sales between United States entities cannot qualify as sales "for exportation to the United States." VWP of America I, 21 CIT at 1115–16, 980 F. Supp. at 1287; La Perla Fashions, 22 CIT at 399, 9 F. Supp. 2d at 703–04. In neither case did the U.S. Court of International Trade expressly accept this argument, finding in both instances that sales between the foreign manufacturer and United States subsidiary were not bona fide sales. VWP of America I, 21 CIT at 1115–16, 980 F. Supp. at 1287; La Perla Fashions, 22 CIT at 399, 9 F. Supp. 2d at 703–04. In La Perla Fashions, the U.S. Court of International Trade held that transaction value could only be based on the transactions between the United States subsidiary and its United States customers. La Perla Fashions, 22 CIT at 399, 9 F. Supp. 2d at 703–04. Similarly, in reviewing VWP of America I on appeal, the U.S. Court of Appeals for the Federal Circuit noted that if the transaction between the foreign manufacturer and the United States subsidiary could not serve as the basis for transaction value, the sales between two United States entities could be used in the alternative. VWP of America II, 175 F.3d 1327, 1334 (Fed. Cir. 1999).

Synergy Sport International, Ltd. also fails to provide support for Plaintiff's contention that Orbisphere has been accepted as good law. The only reference in Synergy Sport International, Ltd. to Orbisphere is a citation supporting the

standard of review. <u>Synergy Sport Int'l., Ltd.</u>, 17 CIT at 19 (1993). The case does not reach the question of whether a sale between two United States entities can qualify as a sale "for exportation to the United States." <u>Id.</u> at 21. <u>Deringer</u> also provides little support for Plaintiff's contention. <u>Deringer</u> was resolved through a stipulated judgment. <u>Deringer</u>, 1994 Ct. Intl. Trade LEXIS 74 (Mar. 23, 1994). The opinion's discussion of <u>Orbisphere</u> is limited to one sentence in which the parties agreed that the subject merchandise should be appraised based on its deductive value because it was "the same in all material respects as the merchandise" that was the subject of <u>Orbisphere</u>. <u>Id.</u> at *2. These cases do not demonstrate an existing pattern of any court rejecting the 1979 statutory amendment and instead applying <u>Orbisphere</u> for the proposition that sales "for exportation to the United States" require an international sale.

Plaintiff also argues that a ground for a difference of opinion exists in the Court's treatment of commercial shipping terms. Pl.'s Br. at 9. In its opinion, the Court identified several cases in which the U.S. Court of Appeals for the Federal Circuit held that the transfer of title under F.O.B. shipping terms was not dispositive of where a sale occurred. <u>Midwest-CBK, LLC</u>, 46 CIT at __, Slip Op. 22-51 at 12–23. Plaintiff contends that the cases cited by the Court relied on INCOTERMS, which govern only transfer of possession and not transfer of title, and that the term relevant to the subject transactions was F.O.B. as defined under

the New York UCC, which does provide that title is transferred at the time of delivery. Pl.'s Br. at 8. The Court notes that none of the cases cited in the opinion include a discussion of whether the F.O.B. terms in the relevant contracts were defined by the INCOTERMS or another code but three of the cases do articulate a definition of F.O.B. including the transfer of legal title at the place of delivery. See SEB S.A. v. Montgomery Ward & Co., Inc., 594 F.3d 1360, 1366–67 (Fed. Cir. 2010), MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp., 420 F.3d 1369, 1374 n.3 (Fed. Cir. 2005), N. Am. Philips Corp. v. Am. Vending Sales, Inc., 35 F.3d 1576, 1578 n.2 (Fed. Cir. 1994) (citing U.C.C. § 2-319(1)). Even if there was ground for disagreement as to whether the commercial terms of Plaintiff's contracts determined the place of sale, the disagreement is not dispositive of whether the sales were "for exportation to the United States." As noted above, whether a sale is "for exportation to the United States" is a fact-specific inquiry that examines the "reality of the transaction" in its entirety. E.C. McAfee Co., 842 F.2d at 319. The relevant question for the Court is whether the goods were destined for the United States at the time of sale based on an analysis of the facts alleged in the case. Id.

The third element required for certification of a question for interlocutory appeal is that the immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(d). Plaintiff contends that the

definitive resolution of whether its sales qualify as "sales for exportation to the United States" would advance Phase II of the litigation, which concerns determination of the duties owed. Pl.'s Br. at 9–10. Interlocutory appeals are appropriate only when they may avoid protracted and expensive litigation and the party seeking the appeal must support its claim that these goals would be satisfied. See Marsuda-Rodgers Int'l v. United States, 13 CIT 886, 887 (1989). The issue remaining to be resolved in this case is the calculation of duties owed. See Order (May 10, 2021) ("Bifurcation Order"), ECF No. 52. Upon resolution of Phase II, Plaintiff may file an appeal after a final judgment is rendered. The Court is not persuaded that litigation of an interlocutory appeal would ultimately result in a more efficient resolution of this matter. Because Plaintiff has not demonstrated the required elements, certification of Plaintiff's first question for interlocutory appeal is denied.

### II. Liquidation as a Matter of Law

The second question presented by Plaintiff is: "[w]hether, after [Customs] has received all factual information needed to render its appraisement determination, the agency has any discretion to extend liquidation of entries pursuant to 19 U.S.C. § 1504(b)?" Pl.'s Mot. at 1. The Court first considers whether this is a pure question of law. A pure question of law involves the "meaning of a statutory provision, regulation, or common law doctrine." UPS

Customhouse Brokerage, Inc., 30 CIT at 1618, 464 F. Supp. 2d at 1371 (citing Alrenholz, 219 F.3d at 676).  The question is controlling when it is "serious to the conduct of the litigation, either practically or legally."  Id. at 1619, 464 F. Supp. 2d at 1371 (quoting Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3d Cir. 1974)).  Defendant argues that Plaintiff's presented question is not a pure question of law because "[a]pplication of section 1504(b) *is* a discretionary decision by [Customs], which requires the Court to consider the facts and determine whether [Customs] abused its discretion in extending the liquidation period."  Def.'s Mem. at 17.  Defendant asserts that "information" is defined as "whatever is reasonably necessary for proper assessment by [Customs]."  Id.  Plaintiff's question involves a factual inquiry by the Court into whether Customs had all of the information necessary to reach an appraisement determination and whether Customs abused its discretion in granting the extensions under the statute.  The question of whether Customs abused its discretion under 19 U.S.C. § 1504(b) is a factual question.

The second element required for certification of a question for interlocutory appeal is that there exists a "substantial ground for difference of opinion."  28 U.S.C. § 1292(d).  19 U.S.C. § 1504(b)(1) provides that liquidation may be extended if "information needed for the proper appraisement or classification of the imported or withdrawn merchandise, or for determining the correct drawback amount, or for ensuring compliance with applicable law, is not available to

[Customs]." 19 U.S.C. § 1504(b)(1). Plaintiff contends that there is a ground for a difference of opinion as to whether Customs has authority to extend liquidation after it has been provided with all factual information. Pl.'s Mot. at 1; Pl.'s Br. at 3–4, 10–11.

The Court has recognized that "[section] 1504(b)(1) should be construed sufficiently broadly for Customs to perform its obligations in a competent manner." Int'l Cargo & Sur. Ins. Co. v. United States, 15 CIT 541, 546, 779 F. Supp.174, 179 (1991). This includes reading the word "information" under 19 U.S.C. § 1504(b) to encompass "whatever is reasonably necessary for proper appraisement or classification of the merchandise involved." Detroit Zoological Soc. v. United States, 10 CIT 133, 138, 630 F. Supp. 1350, 1356 (1991). The only case offered by Plaintiff in support of its position is Ford Motor Company v. United States ("Ford Motor"), 157 F.3d 849, 854–57 (Fed. Cir. 1999), in which the U.S. Court of Appeals for the Federal Circuit held that an extension of liquidation to accommodate unreasonable delays in an investigation could show an abuse of discretion by Customs. Pl.'s Br. at 11. Ford Motor is easily distinguishable from the case before the Court because it involved extensions to accommodate prolonged periods of inaction and an investigation that was potentially unrelated to liquidation. See Ford Motor, 157 F.3d at 855. In the Ford Motor decision, the U.S. Court of Appeals for the Federal Circuit acknowledged that 19 U.S.C.

§ 1504(b)(1) might be satisfied if additional information is needed from a source internal to Customs. Id. at 856. By contrast, this case involves Customs extending liquidation in order to complete the audit process and obtain information that Customs claims was needed for the audit. Because 19 U.S.C. § 1504(b)(1) permits Customs to extend the liquidation of entries when additional information is required and such information is not limited to factual information provided by the parties to the investigation, there is not a substantial ground for difference of opinion as to whether Customs can extend liquidation to complete its internal process.

　　　　The third element required for certification of a question for interlocutory appeal is that the immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(d). Plaintiff contends that resolution of whether liquidation of certain entries was improperly extended would materially advance the termination of this action. Pl.'s Br. at 11. As the Court noted above, there are few issues remaining to be resolved in this case and interlocutory appeal is not likely to result in a more efficient resolution of the dispute. See Marsuda-Rodgers Int'l, 13 CIT at 887. Because Plaintiff has not satisfied the required elements, interlocutory appeal of Plaintiff's second question is denied.

      Upon consideration of Plaintiff's Motion to Certify Order for Interlocutory Appeal, and all other papers and proceedings in this action, it is hereby

      **ORDERED** that Plaintiff's Motion to Certify Order for Interlocutory Appeal, ECF No. 72, is denied; and it is further

      **ORDERED** that the Parties are to confer and submit to the Court a joint proposed scheduling order reflecting reasonable discovery and motions filing deadlines for Phase II of this case by no later than October 7, 2022.

                                                        /s/ Jennifer Choe-Groves
                                                      Jennifer Choe-Groves, Judge

Dated:   September 7, 2022
           New York, New York