Slip Op. 23-154

### UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| MIDWEST-CBK, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant. | Before: Jennifer Choe-Groves, Judge<br><br>Consol. Court No. 17-00154 |

### OPINION

[Granting Plaintiff's motion for final judgment of dismissal.]

Dated: October 20, 2023

John M. Peterson and Patrick B. Klein, Neville Peterson, LLP, of New York, N.Y., for Plaintiff Midwest-CBK, LLC.

Monica P. Triana and Brandon A. Kennedy, Trial Attorneys, International Trade Field Office, U.S. Department of Justice, of New York, N.Y., for Defendant.

Choe-Groves, Judge:  Before the Court is Plaintiff Midwest-CBK, LLC's Motion for Final Judgment of Dismissal to be Entered.  Pl.'s Mot. Final J. Dismissal Entered ("Pl.'s Mot."), ECF No. 87.  At the request of the Parties, the Court bifurcated this case into two phases.  Order (May 10, 2021), ECF No. 52.  In Phase I, the Court held that Plaintiff's import transactions constituted a sale "for exportation to the United States" and that the subject entries were not deemed

liquidated by operation of law.  Midwest-CBK, LLC v. United States, 46 CIT __, 578 F. Supp. 3d 1296 (2022).  Remaining for Phase II are questions of valuation of the subject merchandise.

Plaintiff filed a status report on September 8, 2023, informing the Court that "it will not be able to provide further evidence relating to the issues to be addressed in Phase II of this litigation."  Pl.'s Status Rep., ECF No. 86.  Plaintiff explained that Defendant has requested the production of all evidence necessary to determine a dutiable value for the subject merchandise.  Id. at 1; see also Pl.'s Mot. at 1.  Though Plaintiff concedes that the production request is not per se unreasonable, Plaintiff argues that its business model and the considerable number of individual sales of goods that entered the United States would require "years of work and hundreds of thousands of dollars in expense" to comply.  Pl.'s Status Rep. at 1–2; see also Pl.'s Mot. at 1–2.  Plaintiff further advises the Court that it maintains its corporate existence, but ceased doing business in 2018.  Pl.'s Status Rep. at 1; see also Pl.'s Mot. at 1.

Plaintiff moves the Court to enter a final judgment of dismissal against Plaintiff based on the findings of the Court's prior opinion.[1]  Pl.'s Mot. at 2–3.  Entry of a final judgment would permit Plaintiff to appeal the Phase I holdings to

---

[1] Plaintiff stresses that it consents only to a form of judgment of dismissal, not a stipulated judgment.  Pl.'s Mot. at 3–4.

the U.S. Court of Appeals for the Federal Circuit ("CAFC"). Plaintiff stipulates that should the CAFC affirm the Court's final judgment, Plaintiff will abandon all further claims in this case. Id. at 3. Plaintiff also stipulates that should the CAFC reverse the Court's holding, Plaintiff will present no further evidence as to the calculation of transaction value. Id. Defendant United States consents to the motion. Id. at 4.

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." USCIT R. 41(a)(2). The Court is obligated to resolve cases in a "just, speedy, and inexpensive" manner. USCIT R. 1. The Court concludes that dismissal is proper in this case because doing so would effectuate resolution of the dispute and avoid potentially time-consuming and costly litigation. Plaintiff has expressed its intention to appeal the Court's Phase I holding. Because an appeal is likely to reduce or eliminate the need for prolonged litigation, the Court is persuaded by Plaintiff's argument that it would be impractical and costly to require the Parties to engage in expensive Phase II discovery at this time.

Upon consideration of Plaintiff's Motion for Final Judgment of Dismissal to be Entered, and all other papers and proceedings in this action, it is hereby

**ORDERED** that Plaintiff's Motion for Final Judgment of Dismissal to be Entered, ECF No. 87, is granted.

Judgment shall issue accordingly.

          /s/ Jennifer Choe-Groves
          Jennifer Choe-Groves, Judge

Dated: October 20, 2023
       New York, New York